UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timberland Transportation, Inc., *d/b/a Priority Courier Experts*, | Civil No. 09-2845 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeffrey A. Nelson and Master Transfer Co., Inc., | |
| Defendants. | |

John J. Wackman for Plaintiff.
Arthur G. Boylan & Joel E. Abrahamson for Defendant Master Transfer Co., Inc.
Jeffrey A. Nelson, *Pro Se* Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 4, 2010 on Plaintiff's Motion for an Order to Show Cause [#38]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **DENIED**.

### I. FINDINGS OF FACT

Pursuant to the parties' Stipulation for Entry of Interim Injunction (ECF No. 24), the District Court issued an Interim Injunction on October 26, 2009 (ECF No. 25), ordering, among other things, that: (1) Defendant Master Transfer Co., Inc. ("Master Transfer") provide Plaintiff Timberland Transportation, Inc., d/b/a Priority Courier Express ("Priority" or "Plaintiff") with a list of those customers to whom Master Transfer sold services prior to June 1, 2008, within 5 days of the Court's order; and (2) prohibiting Defendants from "calling on or having any contact with any protected

1

Priority customer" for a period of 45 days. (ECF No. 24 ¶¶ 1 and 4.) Under the order, "protected Priority customer" signifies "any customer of Plaintiff except those customers to whom [Master Transfer] sold services before June 1, 2008." (ECF No. 24 ¶ 1.) On October 30, 2009, Master Transfer provided Plaintiff with a 1,873 page document (that identified approximately 7,000 entities) purporting to be Master Transfer's customer list. (Ross Decl. ¶ 4, ECF No. 41; Master Aff. ¶ 8, ECF No. 52.)

Between October 28, 2009 and November 5, 2009, Jim Block ("Block"), one of Master Transfer's employees, was in contact with the Specialty Manufacturing Company ("Specialty Manufacturing"), one of Priority's customers and a "protected Priority customer" under the Interim Injunction. On October 28, 2009, Block "called upon" Roxann Mellingen ("Mellingen") and Ty Caroll ("Caroll") of Specialty Manufacturing. (Mellingen Aff. ¶¶ 6–13, ECF No. 42; Caroll Aff. ¶¶ 4–7, ECF No. 43.) Specifically, Block made a sales pitch to both Mellingen and Caroll, explaining that Master Transfer had just started its courier service and was eager to earn Specialty Manufacturing's business. (Mellingen Aff. ¶ 7; Caroll Aff. ¶ 5.) He provided Specialty Manufacturing with a rate sheet and other materials, including an advertisement that stated: "Introducing Master Transfer's new small package/courier service. Contact your account manager or Jeff Nelson . . . ." (Mellingen Aff. ¶ 7.) On November 4 and 5, 2009, Block left phone messages with Speciality Manufacturing. (Mellingen Aff. ¶¶ 11-12.) On November 5, 2009, Block reached Mellingen by telephone, who informed Block that she had compared Master Transfer's proposed rates to those charged by Priority and determined that Priority's rates were lower than those of Master Transfer. (Mellingen Aff. ¶ 13.) No further contact between Block and Speciality

Manufacturing is alleged in the record.[1]

On November 20, 2009, Plaintiff moved the Court for an Order to Show Cause why Defendants should not be held in contempt for violating the Stipulated Interim Injunction. (ECF No. 38.)

## II. CONCLUSIONS OF LAW

Plaintiff argues that Defendants violated the Stipulated Interim Injunction by failing to produce a customer list as required, and by soliciting business from protected Priority customers.

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Here, Plaintiff alleges that Defendants violated the Interim Injunction. Plaintiff, however, has failed to prove, by clear and convincing evidence, that Defendants violated the court order.

Plaintiff first claims that Master Transfer violated paragraph 1 of the Stipulated Injunction, which provides that Master Transfer will inform Plaintiff of the identity of those customers to whom Master Transfer sold services before June 1, 2008. (ECF No. 24 ¶ 1.) On October 30, 2009, Master Transfer furnished Plaintiff's former attorney with its complete list of customers to whom Master Transfer sold services at any time before June 1, 2008 as generated by its internal software. (Master Aff. ¶¶ 8-9, ECF No. 52.) Plaintiff alleges that the list, as produced, is not a valid customer list as the majority of entities named (including the law firm of Fredrikson & Byron) do not appear to be Master Transfer customers. (*See* Haugen Decl., ECF No. 46.) Still, according to Chad Master's

---

[1] "The record," as utilized herein, means only those documents filed in connection with the instant motion between the date of filing on November 20, 2009 and December 4, 2009. (ECF No. 49.) The initial motion hearing before the Honorable John R. Tunheim took place on December 15, 2009. (ECF No. 62.)

sworn affidavit in opposition to the motion, such is the customer list as it exists for the relevant time period, as compiled from Master Transfer's business records. (*See generally* Master Aff.) No evidence in the record disproves Master Transfer's contention that the document it produced comprises its customer list. To the extent Plaintiff suggests that Defendants have not complied with the injunction by producing something other than a customer list, the Court rejects Plaintiff's suggestion and finds that Master Transfer provided Plaintiff with its customer list as required by the order.[2]

Additionally, Plaintiff claims that Defendant Master Transfer, through its agent, Jim Block, solicited business from Specialty Manufacturing, and GNW Machines, protected Priority customers, after the injunction was entered. While it appears that Block contacted the two customers on multiple occasions after October 26, 2009, there is no evidence in the record that Block knew, or otherwise should have known, that either of them was a Priority customer when he made his contacts. (*See* Mellingen Aff. ¶ 13, ECF No. 42.) Defendants have offered no support for their contention that Block knowingly solicited a protected Priority customer or that his contact with Specialty Manufacturing or GNW Machines began as anything more than a "cold call." For these reasons, the Court rejects Plaintiff's argument that Master Transfer violated the court order by knowingly soliciting business from a protected Priority customer. (*See* ECF No. 24 ¶ 4.)

Because Plaintiff has not demonstrated any violation of the Interim Injunction by clear and convincing evidence, the motion must be denied.

### III.    RECOMMENDATION

---

[2] The Court expresses no opinion, however, as to whether the document produced by Master Transfer on October 30, 2009 reflects any entities in addition to those paying customers to whom Master Transfer sold services for the relevant time period or whether the list should ultimately be reduced in some way.

4

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for an Order to Show Cause [#38] be **DENIED**.

DATED: September 3, 2010

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 15, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 15, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.